IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN AIRLINES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JOHN MARTINEZ, by and through his attorneys, Barry A. Gomberg and Barry A. Gomberg & Associates, Ltd., and complaining against Defendant, AMERICAN AIRLINES, INC., and states as follows:

## THE PARTIES

1. The Plaintiff, John Martinez, is an individual residing in Plainfield, Illinois

2. Defendant American Airlines, Inc. ("Defendant American") is a Delaware business corporation with its principal place of business located at 4333 Amon Carter Boulevard, Ft. Worth, Texas 76155 transacting business in the State of Illinois, City of Chicago.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear the claims asserted pursuant to 28 U.S.C. § 1337(a) as this matter arises under an "Act of Congress regulating commerce," namely the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq*.

4. This Court is the proper venue for this lawsuit in that the facts giving rise to this lawsuit occurred in this judicial district.

## FACTUAL HISTORY

5. Defendant American Airlines was and is a "carrier" within the meaning of the RLA, 45 U.S.C. § 151 First and § 181.

6. Defendants American Airlines is a Party and/or is bound to the collective bargaining agreement ("CBA") between Defendant American Airlines and the International Union, Transport Workers Union of America, AFL-CIO. The CBA was in effect at all times relevant to the Plaintiff's claims.

7. At all times relevant to his claims, the Plaintiff was employed by Defendant American Airlines as mechanic at O'Hare International Airport and was a member in good standing of the Union.

8. It is Plaintiff's understanding that other mechanics at American were being offered an Early Out program opportunity to leave the employ of Defendant American.

9. Said Early Out program provided as follows:

For all employees, whether affected by a reduction of force or not, who are willing to voluntarily separate from the Company to reduce the involuntary reductions at that station or on the system and who are 45 years of age or older and have 15 years or more Company seniority, the Company will:
   a. Provide regular severance in accordance with Article 37 of the AA/TWU agreement, except for the additional two (2) weeks under Article 37(f)

   b. Provide the $12,500 special severance payment under Article 44 (if the employee was system or station protected prior to DOS)

   c. Provide a $10,000 separation allowance for full time employees/$5000 for part time employees

2

      d.    In order to receive a., b. and c. above, the employee will be required to forfeit all seniority, and relinquish any and all claim for re-employment and recall.

See "Letter of Memorandum-10-Early Out" regarding "Early Out Incentive Allowance" attached hereto.

10. Employees who were eligible for the Early Out program included, "Any TWU represented employee covered by the Mechanic and Related, Fleet Service, Stock Clerk, Dispatch or Maintenance Control Technician agreement who is on active payroll or an approved Leave of Absence as of September 12, 2012.

11. On September 12, 2012, Plaintiff, who was on an unpaid leave of absence due to an on the job injury, was on an approved leave of absence in accordance with Article 17(e) and thus eligible for the Early Out program. See Article 17(e) attached hereto.

12. Article 37 of the AA/TWU agreement provided that a lump sum severance payment based upon length of service will be paid who participated in the Early Out program. See Article 37 attached hereto.

13. Article 37 of the AA/TWU agreement provided that employees with 12 years of service or more would be entitled to 13 weeks of severance.

14. Plaintiff has been employed by Defendants in excess of 12 years.

15. Plaintiff was system and/or station protected.

16. In addition to the foregoing, mechanics subject to the Early Out program were also paid their vacation and sick days in a lump sum payment.

17. Despite Plaintiff's attempts to receive information from Defendant regarding the Early Out opportunities and other benefits offered to mechanics at

American, Plaintiff came to the realization in December 2013 that American was not going to provide Plaintiff with the Early Out program benefits and other related benefits/opportunities.

### COUNT I – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT AGAINST DEFENDANT AMERICAN AIRLINES

18. The Plaintiff re-alleges and incorporates by reference as though fully set forth herein paragraphs 1 through 17 above.

19. The Defendant American Airlines breached the terms and conditions of the CBA "Letter of Memorandum – 10 – Early Out", Article 37 and Article 17, by not offering the Plaintiff the same opportunity to participate in the Early Out program and related benefits that it permitted other mechanics at American to participate in without cause and without adhering to the CBA.

20. Plaintiff requested that American Airlines permit him to participate in the recent Early Out/Buy Out and other benefits from Defendant American and provide him with the estimated value of his benefits. American's counsel offered to set a conference call between herself, management, Plaintiff's counsel and Plaintiff but stated that it could not take place until mid-December 2013 and suggested that Plaintiff attempt to call his Union for a list of his Exit Options.

21. On December 13, 2013, Plaintiff requested that a conference be set up between American's counsel, American management, Plaintiff's counsel and Plaintiff to resolve the issues regarding Defendant's Early Out program and other benefits Plaintiff was entitled to receive. Said request has continued to be unanswered.

22. Defendant American Airlines wrongfully denied the Plaintiff his bargained for rights as a party to the CBA when it refused to provide Plaintiff with the opportunity to participate in the Early Out program and other related benefits.

23. Plaintiff has been damaged by the Defendant American Airlines' breach of the CBA consisting of lost wages, benefits and seniority in sums to be determined at trial.

WHERFORE, the Plaintiff, John Martinez requests that this Court award the following damages against Defendant American Airlines:

(a) Order that Plaintiff be permitted to participate in the Early Out program as described in the CBA, including receiving all severance and special severance payments, accrued sick leave, and accrued vacation leave from the Defendant American Airlines in sums to be determined at trial;

(b) Damages for emotional distress and pain and suffering;

(c) Attorney's fees and costs;

(d) Prejudgment interest;

(e) Such other and further relief this Court deems just, proper and equitable

Respectfully submitted,

JOHN MARTINEZ

By:    s/Barry A. Gomberg
        Attorney for Plaintiff

Barry A. Gomberg
Barry A. Gomberg & Associates, Ltd.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550